**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

---

**JOHN F. SIMMERS,**

                    Plaintiff,

         -vs-                                                **Case No. 11-C-1009**

**HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY, HARTFORD
LIFE INSURANCE COMPANY, and
THE HARTFORD FINANCIAL SERVICES
GROUP, Inc.,**

                    Defendants.

---

## DECISION AND ORDER

---

John F. Simmers, a former employee of Mitsubishi Motors North America, Inc., suffers from a neurological disorder known as Idiopathic Central Nervous System Hypersomnia. The defendants, collectively referred to as Hartford, initially approved Simmers' claim for long-term disability benefits but eventually discontinued his benefits. Simmers brought a 17-count complaint in state court, alleging primarily state law claims but also a federal RICO claim. Hartford removed on the basis of complete ERISA preemption and now moves to dismiss for failure to state a claim. For the reasons that follow, this motion is granted.

In evaluating a motion to dismiss under Rule 12(b)(6), the Court accepts the plaintiff's well-pleaded allegations as true, and draws reasonable inferences in plaintiffs' favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). The complaint must contain

"sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, a complaint must "describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests;'" additionally, the complaint's allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (internal citations omitted). A party may "plead itself out of court by pleading facts that establish an impenetrable defense to its claims." *Tamayo* at 1086.

Simmers argues that his state law claims are not preempted because the Mitsubishi plan is not an ERISA plan. ERISA is a "comprehensive and reticulated statute" of "general application, one that envisions inclusion within its ambit as the norm." *Smart v. State Farm Ins. Co.*, 868 F.2d 929, 933 (7th Cir. 1989)(citing *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 510 (1981)). Accordingly, ERISA's definition of an "employee welfare benefit plan" is expansive: "any plan, fund, or program . . . established or maintained by an employer . . . to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment . . ." 29 U.S.C. § 1002(1)(A). It is well-established that courts "must construe the definition of 'welfare benefit plan' broadly." *Fiene v. V&J Foods, Inc.*, 962 F. Supp. 1172, 1178 (E.D. Wis. 1997).

The plan at issue in this case[1] is called the "Group Long Term Disability Plan for employees of Mitsubishi Motor Sales of America, Inc. and Mitsubishi Motors Credit of America, Inc." Full-time employees are covered by the plan, and a "booklet-certificate" entitled "Mitsubishi Motor Sales of America, Inc. and Mitsubishi Motors Credit of America, Inc.'s Group Benefit Plan for Long Term Disability Benefits" explains that plan participants are "entitled to certain rights and protections" under ERISA. Notice of Removal, Exhibit A. Mitsubishi "pays the premium for the insurance, but may allocate part of the cost to the employee. The Employer [Mitsubishi] determines the portion of the cost to be paid by the employee." The booklet-certificate explains that participants do not contribute towards the cost of coverage. Simmers argues that he should be allowed the opportunity to prove that the Mitsubishi plan is not governed by ERISA, but the policy documents clearly reveal that it is an ERISA plan. *Sofo v. Pan-Am Life Ins. Co.*, 13 F.3d 239, 241 (7th Cir. 1994) (plan governed by ERISA where the employer "purchased health insurance coverage, established employee eligibility requirements, paid 50% of the premiums, performed certain administrative functions, and affirmatively represented its intent to comply with ERISA requirements"); *Brundage-Peterson v. Compcare Health Servs. Ins. Corp.*, 877 F.2d 509, 510 (7th Cir. 1989) ("barebones plan" with "three components: the contractual arrangements between the employer and the insurance companies whereby the latter agreed to insure the

---

[1] The Court may analyze the terms of the plan without converting the instant motion into a motion for summary judgment. *Hecker v. Deer & Co.*, 556 F.3d 575, 582 (7th Cir. 2009) (ERISA plan documents referred to in the complaint may be considered in ruling on Rule 12(b)(6) motion to dismiss); *Kvinlaug v. Claire's Stores, Inc.*, No. 09 C 3511, 2010 WL 1325552, at *2 (N.D. Ill. March 29, 2010) ("Where it is possible to determine whether a particular policy is a plan, fund or program under ERISA based on the language of an agreement, the Court may determine preemption on a motion to dismiss").

-3-

former's employees; the eligibility requirement of being an employee of more than thirty days' standing; and the employer's contribution of the worker's share of the insurance premiums" is an ERISA plan). Therefore, Simmers' state law claims are pre-empted by ERISA. *Anderson v. UNUM Provident Corp.*, 369 F.3d 1257, 1268 (11th Cir. 2004) (when the employer is "active in constructing and controlling the terms and administration of the [plan], it is more likely both to create – and disappoint – the kind of employee expectations that ERISA is intended to protect. Moreover, once rights and responsibilities under ERISA are invoked, overlapping state law claims are necessarily preempted since they may conflict with ERISA's elaborate system of employee protections").

Simmers requests leave to re-plead so he can "proceed to the merits of his claims as they exist under ERISA." Hartford argues that the Court should deny this request because Simmers' claims would be time-barred. For purposes of this motion, the Court will assume that the applicable limitations period is three years and that Simmers' claim accrued on June 29, 2006. However, Simmers might be able to demonstrate that he is entitled to equitable tolling in light of his neurological disorder. *Tolle v. Carroll Touch, Inc.*, 977 F.2d 1129, 1141 (7th Cir. 1992) (equitable tolling applies to ERISA claims). Hartford argues that Simmers cannot prove that he is entitled to equitable tolling because he "requested reinstatement" during the applicable limitations period, thus demonstrating that his condition[2] did not prevent him from "managing his affairs and thus from understanding his legal rights and acting upon them." *Miller v. Runyon*, 77 F.2d 189, 192 (7th Cir. 1996). This allegation

---

[2] According to the complaint, Simmers' main symptoms are excessive debilitating daytime sleepiness, cataplexy, sleep paralysis and hypnagogic hallucinations.

might actually support the argument that Simmers did not understand his legal rights, assuming that he had no further recourse with the plan's administrative appeal process. At minimum, Simmers' allegations do not foreclose the possibility that he could be entitled to equitable tolling.

Finally, Hartford moves to dismiss Simmers' RICO claim. Simmers alleges that the defendants denied his and other long-term disability claims as part of a concerted effort to increase its profits through conversion of funds from its disability reserves. Simmers is suing three separate Hartford entities in this case: Hartford Life and Accident Insurance Company, Hartford Life Insurance Company, and The Hartford Financial Services Group, Inc. Hartford Life and Accident is a wholly-owned subsidiary of Hartford Life, and Hartford Life is the wholly owned subsidiary of Hartford Financial. Under RICO, a "firm and its employees, or a parent and its subsidiaries, are not an enterprise separate from the firm itself." *Bachman v. Bear, Stearns & Co., Inc.*, 178 F.3d 930, 932 (7th Cir. 1999). Moreover, as in *Zalesiak v. UnumProvident Corp.*, No. 06 C 443, 2007 WL 1280646, at *5 (N.D. Ill. Apr. 30, 2007), the allegation that the defendants engaged in a pattern of racketeering activity by mailing fraudulent denials of disability claims is insufficient to state a RICO claim. RICO liability "depends on showing that the defendants conducted or participated in the conduct of the *'enterprise's* affairs,' not just their *own* affairs." *Richmond v. Nationwide Cassel L.P.*, 52 F.3d 640, 646 (7th Cir. 1995) (quoting *Reeves v. Ernst & Young*, 507 U.S. 170 (1993)).

**IT IS HEREBY ORDERED THAT:**

1.      The defendants' motion to dismiss [ECF No. 8] is **GRANTED**; and

2.      Simmers has **twenty (20)** days from the date of this Order to file an amended complaint, consistent with the foregoing opinion.  If no complaint is filed, the Court will enter judgment dismissing this case with prejudice.

Dated at Milwaukee, Wisconsin, this 25th day of April, 2012.

                                          **BY THE COURT:**

                                          _____

                                          **HON. RUDOLPH T. RANDA**
                                          **U.S. District Judge**