# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JOHN F. SIMMERS,**

        Plaintiff,

        -vs-                                      **Case No. 11-C-1009**

**HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,**

        Defendant.

## DECISION AND ORDER

John Simmers moves for a protective order, arguing that the defendant, Hartford Life and Accident Insurance Company, should settle for deposing him by telephone as opposed to a live, in-person deposition. Telephonic depositions are expressly allowed by Federal Rule of Civil Procedure 30(b)(4), which provides that a court may order a deposition to be taken "by telephone or other remote means." The party "opposing a telephonic deposition bears the burden of demonstrating good cause why the deposition should not be conducted by telephone." *Loughin v. Occidental Chem. Corp.*, 234 F.R.D. 75, 76 (E.D. Pa. 2005)

A party's "desire to observe the deponents' demeanor during the deposition . . . without more, does not amount to good cause." *Loughin* at 77. However, a party's "ability to see a key witness and judge his demeanor are important considerations in the decision to permit a telephonic deposition." *Cressler v. Neuenschwander*, 170 F.R.D. 20, 21 (D. Kan. 1996). Here, Hartford went out of its way to make the deposition as convenient as possible for Mr. Simmers. Most importantly, the deposition was noticed to take place only 8 miles

from Simmers' home in Bristol. Simmers claims that he is having car problems, but he refused to consider using public transportation or a taxi. Hartford's counsel even offered to conduct the deposition in Simmers' home. Finally, Hartford offered to accommodate Simmers' neurological disorder—Idiopathic Central Nervous System Hypersomnia—by stopping the deposition as needed.

The ultimate purpose of Rule 30(b)(4) is to "simplify discovery and reduce the cost of litigation." *Loughin* at 76 n.1. These interests are scarcely implicated when the deponent is being asked to travel a mere 8 miles from his home. Moreover, Simmers is not a peripheral witness, or one witness among many. He is the key witness, likely the only witness, that Hartford will attempt to depose in this case. Indeed, the only relevant issue in the current phase of discovery is whether Simmers is entitled to equitable tolling of the statute of limitations. In this context, Hartford's desire to conduct an in-person deposition is entirely justified.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Simmers' motion for a protective order [ECF No. 51] is **DENIED**; and

2. Hartford's motion for an extension of time to complete fact discovery and to file dispositive motions [ECF No. 55] is **GRANTED**. The deadline for completing fact discovery regarding Simmers' equitable tolling claim is **May 31, 2013**; the deadline for filing dispositive motions is **June 17, 2013**.

Dated at Milwaukee, Wisconsin, this 17th day of April, 2013.

                              **BY THE COURT:**

                              _____
                              **HON. RUDOLPH T. RANDA**
                              **U.S. District Judge**