UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**JOHN F. SIMMERS,**

        Plaintiff,

   -vs-                                                        **Case No. 11-C-1009**

**HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,**

        Defendant.

---

## DECISION AND ORDER

---

This is an untimely ERISA action which survived multiple motions to dismiss because the *pro se* plaintiff, John Simmers, allegedly suffers or suffered from a neurological disorder known as Idiopathic Central Nervous System Hypersomnia, and Simmers' pleadings did not "foreclose the possibility that he could be entitled to equitable tolling" in light of his condition. ECF No. 23, April 25, 2012 Decision and Order, at 4; 2012 WL 1448113, at *2; *see also* ECF No. 41, November 6, 2012 Decision and Order, at 2 ("The Court has no way of knowing how debilitating Simmers' condition is without looking beyond the allegations of the complaint, so the motion to dismiss on the grounds of untimeliness will be denied"). After resolving these motions, the Court allowed discovery on the equitable tolling issue. Both parties filed motions for summary judgment, which are now before the Court for resolution.

On June 29, 2006, Hartford denied Simmers' administrative appeal of the termination of his long term disability benefits. However, the applicable limitations

period began to run earlier than that. The Plan provides as follows:

> **When can legal action be started?**
>
> Legal action cannot be taken against us:
>
> 1. sooner than 60 days after due proof of loss has been furnished; or
>
> 2. three years after the time written proof of loss is required to be furnished according to the terms of the Policy.

By letter dated November 16, 2004, Hartford requested information about Simmers' disability. "This is our final request for the above information. Please return all information that we have asked for by December 16, 2004 or a claim decision will be made based on the information currently in your claim file. This could result in the termination of your LTD claim for benefits." Defendant's Proposed Findings of Fact ("DPFF"), ¶ 21. Hartford concedes that Simmers may have had an extra year to provide proof of loss because Hartford initially granted benefits before requesting "further written proof" that Simmers was "still Disabled." *See* DPFF, ¶ 17 ("If proof is not given by the time it is due, it will not affect the claim if: 1. it was not possible to give proof within the required time; and 2. proof is given as soon as possible; but 3. no later than 1 year after it is due, unless you are not legally competent"). Accordingly, the Plan's three year limitations period began to run no later than December 16, 2005.

In response, Simmers argues that the Court should borrow Wisconsin's six-year statute of limitations for breach of contract claims. It is true that "ERISA contains

no statute of limitations," and "the usual practice in that instance is to borrow the limitations period of the most closely analogous state or federal statute." *Abena v. Metro. Life Ins. Co.*, 544 F.3d 880, 883 (7th Cir. 2008). However, "contractual limitations, if reasonable, are enforceable in suits under ERISA, regardless of state law." *Id.* (citing *Doe v. Blue Cross Blue Shield United of Wis.*, 112 F.3d 869, 875 (7th Cir. 1997)). This case does not present the situation, as imagined in *Abena*, where the limitations period "ended before the claim could have even accrued," i.e., "if the employer paid the claim for three or more years and then terminated payments." *Id.* at 844. Nor is it the case that "the appeals process was so protracted that the claimant was unable to file suit within the contractual period, . . ." *Id.*; *see also Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 134 S. Ct. 604, 608 (2013) ("Because proof of loss is due before a plan's administrative process can be completed, the administrative exhaustion requirement will, in practice, shorten the contractual limitations period"). As noted, Hartford denied Simmers' appeal on June 29, 2006, leaving him almost 30 months to file a timely lawsuit. This is a reasonable amount of time to file a lawsuit. *Compare Heimeshoff* at 612 ("Even in this case, where the administrative review process required more time than usual, Heimeshoff was left with approximately one year in which to file suit. Heimeshoff does not dispute that a hypothetical 1-year limitations period commencing at the conclusion of internal review would be reasonable"); *Abena* at 844 ("Abena still had seven months following the conclusion of the internal appeals process in which to file his suit in the district court. By his own

admission at oral argument, there was no reason he could not file his suit during that time"); *Doe* at 873 (17 month period to file suit was reasonable).

Accordingly, this lawsuit is untimely. Moreover, it is not necessary to analyze equitable tolling because Simmers implicitly abandoned this issue by failing to respond to Hartford's motion for summary judgment, and he explicitly abandoned it by filing a motion to withdraw his equitable tolling claim. ECF No. 64. In other words, Simmers chose to rely on his argument in favor of a six-year limitations period instead of arguing in favor of equitable tolling. The Court will not rescue Mr. Simmers by allowing further proceedings or manufacturing arguments on his behalf. *See, e.g., Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006) (explaining that even *pro se* litigants must follow the rules of civil procedure); *Coleman v. Goodwill Indus. of S.E. Wis., Inc.*, 423 F. App'x 642, 643 (7th Cir. 2011) ("Though courts are solicitous of *pro se* litigants, they may nonetheless require strict compliance with local rules"). Hartford included a copy of the relevant rules in its motion for summary judgment, warning Simmers that noncompliance could lead to Hartford's version of the facts being accepted as true for purposes of this motion. Civil L.R. 56(a)(1)(A), (B). In the absence of any evidence to the contrary, Hartford's proposed findings of fact establish that it is entitled to summary judgment on the equitable tolling issue. DPFF, ¶¶ 29-37 (generally describing Simmers' activities after the denial of his administrative appeal, including his request for further documentation, participation in marathons and five-kilometer races, and testimony from Simmers' neurologist, who testified that "when he

treated [Simmers] for hypersomnia from June 29, 2006 through June 29, 2009, [Simmers'] overall condition was stable").

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Hartford's motion for leave to file supplemental authority [ECF No. 85] is **GRANTED**;

2. Simmers' motion for partial summary judgment [ECF No. 58] is **DENIED**; and

3. Hartford's motion for summary judgment [ECF No. 71] is **GRANTED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 9th day of January, 2014.

**BY THE COURT:**

*/s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**